PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
MICHAEL T. PYLE (CABN 172954)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5087
Email: michael.t.pyle@usdoj.gov

*Attorneys for Defendant*

Caitlin Kelly Henry, Esq. (SBN #287949)
1400 Broadway #200
Oakland, CA 94612
Telephone: (510)277-2025
Email: ckh@caitlinkellyhenry.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTORIA LAW,<br><br>  Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>  Defendant. | Case No. 4:24-CV-06628-YGR-AGT<br><br>**JOINT STATUS REPORT**<br><br>Date: May 27, 2025<br>Time: 1:00 p.m.<br>Place: Zoom |

0

In accordance with the Court's instructions during the May 12, 2025, Discovery Hearing, the parties respectfully submit this Joint Status Report detailing the steps Plaintiff took to identify potentially responsive records disclosed in other litigation related to the Dublin prison closure that may be responsive to Plaintiff Law's request. The parties also explain why they believe the Court can make decisions on the letter briefs that have been submitted. *See* ECF Nos. 33 & 34.

### A.   Steps Plaintiff Took to Identify Records in Related Cases.

On May 13, 2025, Plaintiff's counsel[1] contacted counsel for the United States in *California Coal. for Women Prisoners v. United States*, No. 4:23-CV-4155-YGR, (N.D. Cal.) (Herein "*CCWP*") *M.R. v. Federal Correctional Institution "FCI" Dublin* 4:22-cv-05137-YGR, (N.D. Cal.) (Herein "*M.R.*") and inquired whether they would be willing to assist in identifying records disclosed in discovery that may be responsive to the FOIA request at issue in this case. Their response is attached. *See Ex. 1*.

#### 1.   Plaintiff's Position on Records in Related Cases.

In response to the Court's inquiry regarding the universe of potentially responsive records disclosed or identified in the *CCWP* and *M.R*. cases that may overlap with records responsive to Plaintiff's requests in this case, Plaintiff's Counsel attaches a Declaration to this filing. *See Ex. 2*. This Exhibit identifies portions of records the District Court previously ordered unsealed in response to Plaintiff Law's motion to intervene and unseal. It also summarizes two lengthy memoranda Plaintiff provided Opposing Counsel regarding these records in December 2024. The memoranda provide a streamlined index and analysis comparing the items requested in the FOIA to nearly 100 records unsealed *CCWP*. The memoranda include docket numbers, issue categories, and summaries aimed to help the reader quickly grasp what records exist and why they were unsealed. They analogize unsealed documents to specific FOIA requests, offer a shortcut for assessing potential FOIA Exemptions 6 and

---

[1] As noted during the most recent Discovery Hearing, BOP's counsel in this case is recused from representation in the *CCWP* and *M.R* cases. Counsel for BOP, however, forwarded Plaintiff's email and responses from counsel in the *CCWP* and *M.R.* cases to BOP.

1

JOINT STATUS REPORT
Case No: No. 4:24-CV-06628-YRG-AGT

7(c) claims, highlight where similar claims failed *CCWP* and other FOIA cases, and elucidate what is likely non-exempt and why. Plaintiff could provide them to the court if desired.

Despite parties conducting 20 meet and confers, and Plaintiff requesting information about the status of BOP's search each week, the information BOP has shared about the status of the searches is limited to that which is documented the attached Status Report Index (*See Ex. 3*,) and what Plaintiff's counsel learned about at 1:30PM today when she received DOJ's position.

Plaintiff has narrowed the request and offers to narrow the request as a standing agenda item in each weekly meet and confer. Plaintiff could provide the Court with this agenda and notes if desired. Plaintiff's ability to further narrow the request is only hindered by BOP's ongoing failure to communicate essential information, including what systems of records have been searched, what terms were used, and whether any responsive documents have been located. To date, meet-and-confers typically consist of government counsel reporting that there are "no updates" from BOP. This lack of information makes it procedurally impossible for Plaintiff to make informed decisions about narrowing the request, a fact Plaintiff has repeatedly raised. Courts recognize that FOIA requesters cannot reasonably be expected to tailor requests with precision when the agency alone holds the relevant knowledge of its record systems. Agencies are obligated to assist requesters by providing this information, and courts have consistently held that when a requester shows a good-faith willingness to narrow—as Plaintiff has—the agency bears the responsibility to support that effort, not obstruct it.

In meet and confers Plaintiff stated that she is not requesting records she already obtained through her motion to intervene in *CCWP* or *M.R.*, unless there are unredacted versions available. Meet and confers specifically discussed items 36. Special master report about conditions at Dublin, transfer, closure, conditions at new Facilities and 37. Audits (b. Dublin Task Force Report, b. Moss Group Report, c. PREA Related Audits and Reports). Other that those items already discussed by counsel, no items unsealed in *CCWP* provide a sufficient response to the request. Plaintiff cannot narrow the request further without information from BOP.

Plaintiff's counsel respectfully submits that while BOP FOIA may wish to continue these discussions with attorneys in the *CCWP* and *M.R* cases as a means of facilitating expedited processing

and narrowing the universe of responsive records the agency needs to search for and produce, placing the burden on Plaintiff to do so in this FOIA case, and delaying any return of the proceedings to the District Judge pending outcome of these discussions is inconsistent with FOIA's text and purpose. This is because the burden is on BOP FOIA to demonstrate beyond material doubt that the agency has tasked an adequate search reasonably calculated to lead to all responsive records. To satisfy this burden, BOP must demonstrate that it searched all files reasonably likely to contain responsive records. The *CCWP* and *M.R* cases constitute one source of many that BOP has provided no evidence of attempts to search or promises to search in the future. Accordingly, the burden of ensuring BOP conducts a legally adequate search should remain with BOP, where the Ninth Circuit placed it, rather than with Plaintiff's counsel.

## 2. BOP's Position on Records in Related Cases.

BOP notes that BOP counsel Kristi Sutton is aware of the documents produced in the *CCWP* case and has been providing documents for FOIA processing, and thus BOP is already using this source of documents and can contact the AUSAs if BOP needs additional information.  BOP also notes that certain documents provided to counsel who represented former Dublin inmates pursuant to a protective order in the *CCWP* case may not be provided under FOIA because redactions would have to be made by BOP for documents released to the public, as all documents released under FOIA become public documents.  Finally, neither BOP nor its counsel found Plaintiff's memoranda discussed in Plaintiff's counsel's declaration useful, as they did not provide any information unknown to BOP or its counsel. Plaintiff's counsel's declaration also addresses FOIA Exemptions 6 and 7(c), but those issues are not before the Court.

Most importantly, however, Plaintiff's counsel's declaration states that 25 of the 50 FOIA requests "appear similar in theme or overlap with documents unsealed in *CCWP*."  See Ex. 2 ¶8. Plaintiff has not removed any of these 25 FOIA requests in whole or in part.  Plaintiff should identify any FOIA requests where the documents unsealed in *CCWP* provide a sufficient response to the request, which may be something the Court can facilitate.  This would be a practical way to address some of the FOIA requests in light of BOP's lack of resources for the foreseeable future.

3

JOINT STATUS REPORT
Case No: No. 4:24-CV-06628-YRG-AGT

### B. The Parties Believe the Court Can Rule on the Letter Briefs

The parties are not aware of any authority that requires the Court to find a violation of FOIA by BOP in order to rule on the letter briefs. Case law provides a different rule. The Ninth Circuit in *Long v. U.S. I.R.S.*, 693 F.2d 907, 909 (9th Cir. 1982), cited the holding in *Renegotiation Board v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 19 (1974) that Congress did not intend to limit the court's exercise of its inherent equitable powers where consistent with the FOIA. While that case did not involve processing rates, courts have cited this source of "inherent equitable power" to decide processing rates.

A court has "broad discretion to determine a reasonable processing rate for a FOIA request." *Colbert v. Fed. Bureau of Investigation*, No. 16-CV-1790 (DLF), 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018). To determine whether a particular processing rate is "practicable" for an agency, "[c]ourts consider, for example, evidence of the agency's resource constraints, obligations to other FOIA requests, whether the request implicates sensitive or confidential materials, and whether there is evidence that the agency is not representing its capacity in good faith." *Documented NY v. United States Dep't of State*, No. 20-CV-1946 (AJN), 2021 WL 4226239, at *2 (S.D.N.Y. Sept. 16, 2021) (ordering defendants to increase their processing rate). *See also New York Times Co. v. Dep't of Def.*, No. 19-CV-9821 (VSB), 2022 WL 1547989, at *1 (S.D.N.Y. Apr. 21, 2022) (reviewing of competing letters about processing rates, and court sets processing rate).

Most on point in terms of a magistrate judge's power is *Middle East Forum v. U.S. Dep't of Homeland Sec.*, 297 F.Supp.3d 183, 184 (D.D.C. 2018), in which the district court referred the case to a magistrate judge to set a scheduling order. The magistrate judge issued the cited opinion that contains a scheduling order requiring the defendant to process responsive records at a particular monthly rate.

The case is on point because Judge Gonzalez Rogers vacated a Case Management Conference and referred the parties "to Magistrate Judge Tse for discovery including document production issues." ECF No. 29. The Case Management Statement that prompted this referral discussed at length the document production monthly rate and document format issues. *See* ECF No. 28 at pgs. 2-8 under

4

"Legal Issues."

In addition to *Middle East Forum*, Courts within the Ninth Circuit have decided production schedules at Case Management Conferences where there have been no substantive motions filed, and no determination that a defendant violated FOIA, and where issues of the format of releases would appear to be no different. In *Los Angeles Times Communications LLC v. U.S. Dep't of Homeland Sec.*, No.2:20-cv-10911-FLA (MRWx), 2022 WL 18932816 (C.D. Cal. March 7, 2022), the opinion shows that the court set the monthly processing rate at a Status Conference, and the case involves a motion by the defendants to amend the processing rate, which the court denied. Finally, In *Cohodes v. U.S. Dep't of Justice et al.*, 3:20-cv-4015-LB, ECF No. 78, Judge Beeler decided the number of pages that a federal agency in a minute order following a Further Case Management Conference would release each month (500 pages), and there were no motions or other proceedings in that matter by which the Defendants admitted or were found to have violated FOIA. Counsel for BOP was counsel for the defendants in the *Cohodes* case.

The parties thus believe the Court was referred the document production issues raised in the letter briefs filed as ECF No. 33 and 34, and that Judge Gonzalez Rogers referred those issues for decision by the Court. *See* 28 U.S.C. § 636(b)(1)(A) ("a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" except certain excepted decisions ) & Civil Local Rule 72-1 ("Each Magistrate Judge appointed by the Court is authorized to exercise all powers and perform all duties conferred by 28 U.S.C. § 636, by the local rules of this Court, and by any written order of a District Judge . . .").

If the Court has any doubt, the Court could issue a report and recommendation on these issues to Judge Gonzalez Rogers, as the Court has the power to issue an order not dispositive of a claim or defense and to issue a report and recommendation on an issue that is dispositive of a claim or defense. Again, the parties believe the Court can decide the letter briefs without making an order dispositive of any claim or defense, as setting a document processing rate and/or document production format would not be dispositive or any claim or defense in the case.

5

JOINT STATUS REPORT
Case No: No. 4:24-CV-06628-YRG-AGT

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: May 22, 2025 | Respectfully submitted, |
| 3 | | PATRICK D. ROBBINS<br>Acting United States Attorney |
| 4 | | |
| 5 | | /s/ *Michael T. Pyle*<br>MICHAEL T. PYLE |
| 6 | | Assistant United States Attorney |
| 7 | | *Attorneys for Defendant* |
| 8 | | /s/ *Caitlin Henry*<br>CAITLIN HENRY |
| 9 | | |
| 10 | | *Attorney for Plaintiff* |

*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*