CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
MICHAEL T. PYLE (CABN 172954)
Assistant United States Attorney
60 South Market Street, Suite 1200
San Jose, California 95113
Telephone: (408) 535-5087
Email: michael.t.pyle@usdoj.gov

*Attorneys for Defendant*

Caitlin Kelly Henry, Esq. (SBN #287949)
1423 Broadway #215
Oakland, CA 94612
Telephone: (510)277-2025
Email: ckh@caitlinkellyhenry.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VICTORIA LAW,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

Defendant.

Case No. 3:24-CV-06628-AGT

**INITIAL JOINT CASE MANAGEMENT STATEMENT**

Date: March 6, 2026
Time: 2:00 p.m.
Courtroom: Via Zoom Videoconference

The parties to the above-captioned action jointly submit this initial joint case management statement ("JCMS") in advance of the Case Management Conference ("CMC") set for March 6, 2026.

**1. Jurisdiction and Service**

There are no issues regarding jurisdiction, venue, or service.

**__Plaintiff's Statement__**: Plaintiff maintains and preserves for an appellate record that the Court lacked jurisdiction to enter the May 30, 2025 production Order. Dkt. No. 42. The Court may retain jurisdiction and allow additional time **only** if the Government shows exceptional circumstances and due diligence, 5 U.S.C. § 552(a)(6)(C)(i). Because this is a constructively exhausted FOIA case, filed only after BOP violated FOIA's statutory deadlines, and BOP made no showing of exceptional circumstances

and due diligence and expressly waived an *Open America* stay, the Court has no discretion under the statute to "retain jurisdiction and allow the agency additional time to complete its review of the records." 5 U.S.C. § 552(a)(6)(C)(i).

**Defendant's Statement**: Plaintiff's statement is without merit. In a joint statement, the parties cited case law and 28 U.S.C. § 636(b)(1)(A) for the proposition that a magistrate judge is authorized to set a monthly processing rate in a FOIA case. Dkt. No. 3.

**2. Facts**

Plaintiff submitted a FOIA request on July 5, 2024 requesting, in order of priority, approximately 50 categories of records (many with subparts) regarding the closure of the Dublin prison and transfer of people. *See* Dkt. No. 1-1. On July 10, 2024, Defendant acknowledged the request and expedited status. *See* Dkt. No. 1-2. On September 20, 2024 Plaintiff filed this complaint. *See* Dkt. No. 1. Defendant answered the complaint on November 27, 2024. *See* Dkt. No. 16.

**Plaintiff's Statement:** BOP has yet to issue the Determination Letter[1] due on July 24, 2024 (583 days overdue) or process the request on an expedited basis. On January 2, 2025, BOP committed to producing records every four weeks. Dkt No. 21 at 2. Between January and June 2025, BOP missed 6 deadlines, producing records late in 5 instances and failing to produce records due on May 9, 2025, to date. This Court intervened May 30, 2025 (Dkt. No. 42) and ordered BOP to: (1) process 1,000 pages per month or (2) provide notice of non-production. Even in September 2025, before the government shut down, no production and no notice occurred. During the shutdown, BOP counsel failed to follow DOJ's shutdown protocols[2] and did not request relief from the Court's Order. A declaration (Dkt. No. 57 at 4) stated that BOP would likely produce the missing October 31 and November 28, 2025 productions, by February 1, 2026, BOP failed to meet that deadline, and the records remain unproduced. The records that it did produce on December 19, 2025 in its 9th release, consisted of non-responsive publicly available Program Statements. In correspondence with BOP, Plaintiff briefed the fact that this

[1] A letter that (1) identifies the universe of responsive records; (2) discloses what systems it searched or will search; (3) identifies custodians; (4) identify search terms it will use (other than email) including deeming non-responsive.

[2] *See* US DOJ, *Lapse in Appropriations Employee Reference Guide* at 19 (Oct. 10, 2025).

production does not comply with the plain language of FOIA, which states that a 552(a)(3) request (Plaintiff's Request) requires records that *are not* publicly available under the previous sections. For the 10th release, on January 30, 2025, BOP produced only a partial release and completed the remainder after the deadline on February 3, 2026. BOP fully produced 3 of 50 items, partially produced 10 items, and for the remaining 37 items, did not communicate that a search was conducted or produce any records. By February 27, 2026, 594 days since Plaintiff's request, BOP has yet to establish the universe of responsive records, only released 4,660 pages in whole or in part, met only 4/14 deadlines, and left 3 productions completely unfulfilled. Over 2,500 or **55%** of the released pages were already published on BOP's website due to a different statutory provision. Email production, the only item for which BOP has provided an estimate, may extend into 2031. BOP's position is that the issues are only redressable *after* it has completed production.

Plaintiff has repeatedly circulated written agendas and proposals for narrowing the scope and sequencing of production, yet many received no substantive response. Emails sent on January 27, 2025, seeking clarification on whether Items 7, 10, 12, and 13 had been fully released, whether only 37 grievances existed, and whether original grievance forms would be produced were never meaningfully answered. A June 16, 2025 proposal to streamline production received no response. After the June 30, 2025, production, Plaintiff sought clarification regarding FOIAXpress, and BOP declined to explain its practices or issue requested. In February 2026, Plaintiff sent 4 separate letters concerning issues in Releases 4 through 10. BOP's position was that these disputes, including whether productions are complete, and the release of non-responsive records to meet the Order's quota, fall outside the May Order and that resolution must wait until summary judgment, potentially 10 years from now.

**Defendant's Statement**: Plaintiff's first paragraph attempts to re-argue issues from the motion for judgment on the pleadings and contempt motion that the Court has rejected. As to Plaintiff's other points, she recites various meet and confer issues that are not completed. Plaintiff does not accurately report on the status of these discussions, as Defendant contends that redactions or withholding of documents is something that would be decided in a motion for summary judgment, and not by a discovery letter brief. Moreover, BOP is planning to meet with Plaintiff and her counsel to discuss her

request, and at this conference many of her questions can be answered. From BOP's perspective, the fundamental problem with Plaintiff's FOIA request is that she seeks an enormous volume of documents.

**3. Legal Issues**

(1) Whether, after granting expedited status, Defendant violated the FOIA by failing to conduct a search or respond to the FOIA request within the statutory period; (2) whether Defendant violated the FOIA by withholding and failing to disclose agency records; (3) whether Defendant failed to conduct timely and adequate searches reasonably calculated to uncover responsive records in violation of FOIA and this Court's Order; (4) whether Defendant improperly applied exemptions to withhold records; (5) whether Defendant improperly failed to grant a fee waiver; (6) what declaratory and injunctive relief Plaintiff is entitled to; and (7) whether Plaintiff is eligible and entitled to attorney's fees, and, if so, the amount of Plaintiff's attorney's fees.

**Plaintiff's Statement**: Claims asserted in the Complaint remain pending and not withdrawn, narrowed, or waived. A case management order is needed because parties are at an impasse on production and BOP's non-compliance with FOIA and this Court's Order. The date by which BOP must formally certify that its search was complete and identify the full universe of responsive records passed 583 days ago. By refusing to provide a Determination, BOP is obstructing the development of facts needed to clarify disputes of material fact or whether judgment as a matter of law is appropriate.

The issues highlighted below reflect those Plaintiff considers bearing most urgently and directly on the Court's ability to establish a workable schedule, issue consequences for non-compliance with its Production Order, and posture the case for judicially efficient motions practice and resolution. Here, FOIA required BOP to determine what records it would produce within 10 days of the request, yet BOP continues to refuse to issue a Determination over 500 days later. BOP's rolling indefinite production, combined with a refusal to provide timelines, obstructs Plaintiff from accessing the information typically briefed in summary judgment motions, such as search methodology, custodians, systems searched, search terms, responsiveness criteria, and exemption justifications. BOP states that Plaintiff must raise concerns through production letter briefs, which is not contemplated in the statute. Yet when Plaintiff seeks clarification or raises substantive issues in writing as a part of that process, BOP characterizes

those issues as premature or outside the scope of the Production Order framework, asserting they are reserved for motion practice or summary judgment. BOP's approach creates a morass of unnecessary litigation, as many of these issues will have to be revisited years into the future, with renewed searches and exemptions performed all over again. Because BOP maintains that it will not move for summary judgment until production is complete, the continued use of production dispute letter briefs is unlikely to change BOP's positions or bring the case any closer to resolution. Production remains open-ended, with no agreed-upon timeline or commitment to completion. This approach is inconsistent with FOIA. BOP refusal to respond substantively to multiple written objections and proposals or agreed to timelines forces Plaintiff to raise piecemeal disputes in correspondence, meet and confer, letter briefs, and motions-practice rather than resolving the case through the typical FOIA route of summary judgment. Without a case management order or judicial intervention, the case will remain in procedural limbo for over a decade, exhausting Plaintiff and this Court's resources, compounding problems, postponing enforcement and remedies Plaintiff is entitled to, and requiring reproduction of that could be fixed now.

The first category of impasse issues exhausted at the meet and confer level require judicial direction, whether through enforcement mechanisms, a summary judgment path, or other routes. These concern an ongoing pattern and practice of production compliance failures and violations of the Court's May 30th Order (Dkt. No. 42), which imposed clear and enforceable obligations regarding (1) volume, (2) deadlines, (3) notice, and (4) responsiveness that BOP has not complied with. Plaintiff has raised these in correspondence, meet and confers, letter briefing, and motions, including: (1) Missed deadlines (late productions); (2) Failure to produce two months of ordered productions; (3) Incomplete, non-responsive, and partial rolling productions; (4) Absence of non-production notices; (5) Missing communication on systems searched, custodians queried, search terms used, and dates; (6) Absence of index and record-specific justifications for redactions; (7) Failure to produce records in readily reproducible format (Plaintiff briefed at Dkt. Nos. 21, 28, 31, 33, 34, 39 and is willing to submit further briefing on the format issues, which BOP considers to be within the scope of Production Disputes, and the Court has yet to rule on) *See* 5 U.S.C. 552(a)(3)(B), *TPS, Inc. v. DOD*, 330 F.3d 1191, 1195 (9th Cir. 2003); (8) Inadequate and improperly limited searches for responsive records (*see Zemansky v. EPA*,

767 F.2d 569 (9th Cir. 1985); (9) Lack of timely court enforcement when deadlines or defects are raised, causing need to reprocess withheld records as defects are adjudicated months or years later (*see Long v. IRS*, 693 F.2d 907, 909 (9th Cir. 1982); (10) Spoliation (retention schedules indicate some records will be destroyed already or soon if BOP did not preserve); and (11) diminished evidentiary value and currency of records over time. These issues are not only suitable for judicial enforcement but necessarily so - including contempt and/or resolution through summary judgment, discovery, or trial - lest BOP be allowed to drag out proceedings with no foreseeable horizon of an end.

The second category of issues that warrant a case management order concerns the unresolved pattern and practice of substantive FOIA violations that fall within scope of the Court's now full authority (Dkt. No. 67, 68) are ones that BOP considers inappropriate for letter briefing under the Production Order. These include: (1) The Court's lack of jurisdiction to grant the agency additional time to gather the universe of records and issue a determination (*see* 5 U.S.C. § 552(a)(6)(C)(i). (2) Failure to comply with timing and expedition requirements. *See* 5 U.S.C. §§ 552(a)(3)(A) & 552(a)(6)(C)(i), 5 U.S.C. §552(a)(6)(E)(iii); *Edmonds v. FBI*, 417 F.3d 1319, 1323 (D.C. Cir. 2005). (3) Failure to issue a final Determination Letter. *See* 5 U.S.C. § 552(a)(6)(A)(i); *Citizens for Responsibility & Ethics in Wash* (*CREW*) v. FEC, 711 F.3d 180 (D.C. Cir. 2013). (4) Failure to provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii). (5) Failure to complete a search reasonably calculated to uncover all relevant documents. 5 U.S.C. §§ 552(a)(3)(A), (a)(3)(C)-(D); *Zemansky v. EPA*, 767 F.2d 569 (9th Cir. 1985). (6) Improper withholding. 5 U.S.C. § 552(a)(4)(B); *DOJ v. Tax Analysts*, 492 U.S. 136, 151 n.12 (1989).

**Defendant's Statement**: Plaintiff's attempts to re-argue issues from the motion for judgment on the pleadings and contempt motion that the Court has rejected. As to Plaintiff's other points, she recites various meet and confer issues that are not completed. The Court should not grant any of Plaintiff's substantive arguments without briefing and argument whether through noticed motions or discovery letter briefs.

**4. Motions**

There are no pending motions. The Court denied Plaintiff's motion for judgement on the

pleadings on February 4, 2026. Dkt. No. 66. Dkt. No. 54. The Court denied Plaintiff's motion for an order to show cause why Defendant should not be held in contempt on February 3, 2026. Dkt. No. 65. The parties have filed three discovery letter briefs (Dkt. Nos. 31, 33 & 34), which were addressed in part by the May 30, 2025 Order. Dkt. No. 42. The parties are currently meeting and conferring to determine if additional discovery letter briefs are necessary. The parties anticipate cross motions for summary judgment, if the parties are unable to resolve all disputes amicably.

Plaintiff anticipates filing a Second Motion for Civil Contempt based on Defendant's continued noncompliance with the Court's May 30, 2025 Order and a Motion for Summary Judgment on some or all of Plaintiff's FOIA claims. Judge Gonzalez Rodgers held that disputes concerning the adequacy and timeliness of BOP's search and production cannot be resolved on existing pleadings. *See* Dkt. No. 66. In the ordinary course of a FOIA case, the next procedural step would be cross motions for summary judgment. That pathway depends on the agency putting forward a factual record on its due diligence. Here, BOP has continued to obstruct the possibility of resolving fundamental questions of its responsibilities under FOIA. BOP has not provided a comprehensive account of its search methods, custodians, systems searched, responsiveness criteria, exemption bases, or a firm production completion date. The practical effect is that summary judgment is deferred indefinitely while production continues without defined endpoints; an approach that does not satisfy the plain language of the statute. Thus, Plaintiff may also need a Motion for Limited Discovery concerning search adequacy, exemption application, and compliance with FOIA and the Court's orders.

**5. Amendments to the Pleadings**

No amendments to the pleadings are anticipated by either party at this time.

**6. Evidence Preservation**

Parties preserved evidence and reviewed "ESI Guidelines." Plaintiff raised spoliation concerns. Plaintiff states that BOP has not issued a litigation hold in this case, it is reviewing whether and how litigation holds in the *MR* and *CCWP* cases apply to the instant matter. Defendant will be able to address this issue at the conference.

**7. Disclosures**

The parties ask that the Court defer setting a deadline for initial disclosures at this time.

**8. Discovery**

**Defendant's Statement**: Discovery is generally not appropriate in FOIA actions. *See Lane v. Department of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting that discovery is limited in FOIA cases "because the underlying case revolves around the propriety of revealing certain documents"); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions.") (citing *Judicial Watch, Inc. v. Export–Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000)).

**Plaintiff's Statement**: Plaintiff briefed the issue that BOP has not acted in good faith (Dkt. No. 31) citing repeated missed deadlines, incomplete and late productions, and failure to disclose facts of search scope, search methodology, responsiveness criteria, and exemption application. The Court did not order discovery at that time. Since then, BOP continues to decline to respond to written proposals or letters addressing production deficiencies, stating that its position is that it may withhold that information until summary judgment, which it is delaying until possibly a decade from now, thus preventing Plaintiff and the Court from developing a factual record on which to adjudicate compliance. Where the agency creates a vacuum by refusing to share facts outside formal motion practice the only mechanism available to the Court to determine what has occurred or will occur, and to avoid repetition of all the deficient productions a decade later, may be discovery. BOP's refusal to meet its obligations under the statute and this Court's Order renders timely resolution of the case impossible or wildly inefficient. That posture, created by procedural positioning rather than by the merits of the statute, necessitates either a structured discovery phase or, if disputes remain unresolved, a (rare for FOIA) trial.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

Judge Gonzalez Rodgers related the case to *M.R. v. Federal Correctional Institution "FCI" Dublin* (4:22-cv-05137). Dkt. No. 23. Defendant does not believe this case has any relevance to this

FOIA case.

**11. Relief**

**Plaintiff's Statement**: Plaintiff is not waiving any relief requested in the Complaint or prior motions but asks the Court to focus the scope of this first Case Management Conference on the most immediate relief to create a workable structure that allows those claims to be adjudicated efficiently, including: (1) Firm date for BOP to issue a final determination letter of search completion and scope that at a minimum identifies all systems searched, search terms, responsiveness criteria, and any systems or custodians searched or not searched with explanation, and the full universe of documents it intends to produce or withhold; (2) Firm production completion date; (3) Require conferral and written agreement on sequencing and potential narrowing of the search; (4) Schedule monthly case management conferences to supervise compliance and maintain forward progress; (5) Require monthly declarations confirming pages reviewed, pages produced, systems searched, search terms, responsiveness criteria, and any systems or custodians searched or not searched with an explanation; (6) Require production in native format with metadata preserved; (7) Provide guidance on sequencing, whether the Court prefers to first address enforcement and compliance through contempt and structured deadlines, proceed directly to summary judgment, or permit limited discovery to develop the factual record necessary for motion practice; (8) If necessary, summary judgment, discovery, or other relief (sanctions, fees, etc) to maintain BOP's compliance with the above.

**Defendant's Statement**: Defendant seeks judgment in its favor and against Plaintiff, along with such other relief as may be appropriate.

**12. Settlement and ADR**

The parties each filed an ADR Certification and will be prepared to discuss ADR at the CMC.

**13. Other References**

This case is not suitable for arbitration or a special master, or the Multidistrict Litigation Panel.

**14. Narrowing of Issues**

The parties are conferring on ways to narrow or streamline this case.

**15. Schedule**

The parties do not believe the Expedited Trial Procedure of General Order No. 64 applies.

Plaintiff requests that the Court enter an enforceable order setting firm deadlines for the relief requested above.

Defendant does not believe the Court should enter any other deadlines or orders beyond the order it made on the monthly processing rate. Much of what Plaintiff is asking for has already been denied by the Court, or should be the subject of further letter discovery briefs or other motions. The Court should not grant substantive relief to Plaintiff without the opportunity for Defendant to respond in writing with supporting material. Much of what Plaintiff seeks would only slow down the release of records and unduly burden the Court.

**16. Trial**

The parties anticipate that the case will be resolved through ADR, summary judgment, or trial.

**17. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff filed the certificate. *See* Dkt. No. 3. Defendant is exempt.

**28. Professional Conduct**

Counsel reviewed the Guidelines for Professional Conduct.

**21. Such Other Matters as May Facilitate Just, Speedy and Inexpensive Resolution**

None.

DATED: February 27, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/ *Michael T. Pyle*
MICHAEL T. PYLE
Assistant United States Attorney

*Attorneys for Defendant*

/s/ *Caitlin Henry*
CAITLIN HENRY

*Attorney for Plaintiff*

*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*