UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICTORIA LAW,

          Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,

          Defendant.

Case No.  24-cv-06628-AGT

**DISCOVERY ORDER**

Re: Dkt. Nos. 74, 75

The parties filed two joint discovery letters. Dkts. 74 & 75. For the reasons that follow, the Court denies all requested relief.

## I.    Dkt. 74

Plaintiff Victoria Law first seeks an order addressing alleged noncompliance by defendant Federal Bureau of Prisons (BOP) with the Court's order at dkt. 42.

### A.  Issue One[1]

Rehashing an earlier motion, Law argues that BOP failed to produce responsive records in October and November 2025. As the Court noted in its order summarily denying Law's previous request, dkt. 65, it is undisputed that the government was shut down. BOP's FOIA staff were furloughed. Law wants BOP to make up for the October and November 2025 productions, but cites no authority for that extraordinary relief. Nor is there is any

---

[1] The parties organize this discovery dispute by issue as described in their joint letter, dkt. 74, so the Court follows accordingly.

evidence that additional resources were made available after BOP resumed operations for BOP to do catch-up work for delays due to the shutdown. Issue One is denied.

### B.  Issue Two

Law argues that BOP failed to meet its September, October, and November 2025, and January 2026 deadlines.

Regarding the September deadline, BOP represents that it released 2,000 pages in December to cover the missed September release. Law doesn't refute this or establish any resulting prejudice. As such, there is no further relief for the Court to order regarding September.

And for the reasons already discussed, above, Law's requests pertaining to the October and November deadlines are denied.

Regarding January, Law argues that BOP's production was four days late. BOP represents that half of its January production was timely and half was four calendar days late. Law doesn't identify any resulting prejudice from this four-day delay and doesn't argue that BOP failed to process enough pages. As such, the Court orders no further relief on Issue Two.

### C.  Issues Three to Three-Two

Law argues that BOP's search methodology is ineffective. She asserts that BOP refrains from releasing some non-responsive records and still releases some other non-responsive records.

BOP responds that it provides a cover letter with each release, explaining the request categories and corresponding documents. Additionally, BOP argues that the Court's order required processing of 1,000 pages, not production.

2

This is an issue for summary judgment.[2] *See Lawyers' Comm. for C.R. of San Francisco Bay Area v. U.S. Dep't of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) ("As a general rule, all FOIA determinations should be resolved on summary judgment."). Based on this letter, alone, the Court is not presented with sufficient evidence to evaluate Law's claim. Which records were searched, by whom, and using what processes? These are inquiries relevant to the adequacy of BOP's search. On summary judgment, the Court would have declarations and affidavits. *See id.* at 1131 (affidavits must "describe what records were searched, by whom, and through what processes" and show "that the search was reasonably calculated to uncover all relevant documents") (cleaned up). So, adjudication regarding the adequacy of the search is more suited for the summary judgment stage. *See, e.g., Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964 (9th Cir. 2009) (reviewing a trial court's determination regarding search adequacy on summary judgment); *Hamdan v. U.S. Dep't of Just.*, 797 F.3d 759 (9th Cir. 2015) (same).

Relief is denied on Issues Three to Three-Two without prejudice. If appropriate, the parties may raise these issues again on summary judgment.

### II.    Dkt. 75

Finally, Law seeks an order requiring production of records in their native format with any metadata preserved. BOP responds that this issue is more properly litigated at

---

[2] Law characterizes this as a discovery dispute; she is incorrect. As the Court instructed at a recent case management conference, issues pertaining to BOP's compliance with the Court's processing order may be raised via joint letter. But after the Court's review of Issues Three to Three-Two, it is clear that these are not appropriate to raise via joint letter. Indeed, Law's authority here is distinguishable; the cases cited were limited to a decision on summary judgment and two decisions not dealing with FOIA requests. And in a recent case management statement, Law herself characterized "search methodology, custodians, systems searched, search terms, [and] responsiveness criteria" as suitable for decision on summary judgment. Dkt. 70 at 4.

summary judgment. Considering Law's authorities and upon the Court's own review, this issue is also more appropriate for resolution at the summary judgment stage. *See, e.g.*, *FoiaConsciousness.com LLC v. Nat'l Archives & Recs. Admin.*, 789 F. Supp. 3d 756, 759 (N.D. Cal. 2025) (reviewing whether materials were "readily reproducible" on summary judgment). While it may be more convenient for Law to litigate format now, convenience is not the standard. As such, this request is denied without prejudice to resolving more appropriately at the summary judgment stage.

This order dispenses with dkts. 74 and 75.

**IT IS SO ORDERED.**

Dated: April 9, 2026

Alex G. Tse
United States Magistrate Judge