Caitlin Kelly Henry, Esq. (SBN #287949)
1440 Broadway #200 Oakland, CA 94612
Telephone: (510)277-2025
Email: ckh@caitlinkellyhenry.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VICTORIA LAW,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>Defendant. | Case No. 3:24-CV-06628-AGT<br><br>**STIPULATION AND JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to Civil Local Rules 6-2 and 7-12, the parties to this action hereby stipulate and request that the Court continue the further case management conference, which is currently set for August 14, 2026 by videoconference. *See* ECF No. 85. The parties noted in their June 17, 2026 stipulation that counsel was unavailable August 14, 2026. *See* ECF No. 85. The parties respectfully request the Court schedule the conference at a later date at the Court's convenience. If the continued conference is scheduled fewer than fourteen (14) days after entry of this Order, the parties request that the Court set an appropriate deadline for the filing of Case Management Statement(s).

**Status Report**

For the Court's awareness, the parties also provide a brief status update regarding this case.

Plaintiff's Position:

On April 10, 2026, the Court ordered the parties to meet and confer during April and May and to submit a proposed case schedule one week before the June 26, 2026 Further Case Management

Conference. The Court further ordered that, if the parties could not agree, they could submit separate proposed schedules. ECF Nos. 77, 78. On April 24, 2026, before the Court-ordered April meet and confer, 105 days ago, Plaintiff circulated the enclosed proposed litigation schedule addressing production, settlement, summary judgment, and resolution of the case based on the Court's 1,000 monthly page order and its instruction that the case not last longer than 5 years. ECF Nos. 77, 78. The parties met and conferred on April 24, May 5, and June 4, 2026, consistent with the Court's April 10 Order. *Id*.

During the June 4, 2026 meet and confer, BOP agreed to provide Plaintiff with a proposed case schedule by June 19, 2026, in advance of the June 26, 2026 Case Management Conference. BOP has not provided the court-ordered schedule.

On May 30, 2025, the Court ordered BOP to release responsive records to Plaintiff on the last business day of each month. ECF No. 42. The Court ordered BOP to produce the April 2026 monthly production on April 30, 2026. BOP produced Release 13-2 on May 8, 2026, and Release 13-3 on May 11, 2026. BOP produced the records after the Court-ordered deadline without first obtaining an extension or modification of the Court's Order. The May 2026 monthly production was due on June 1, 2026, because May 31 fell on a Sunday. BOP produced Release 14 on June 4, 2026. BOP produced the records after the Court-ordered deadline without first obtaining an extension or modification of the Court's Order.

BOP proposed obtaining waivers from class members as a mechanism for producing certain categories of records. On June 17, 2026, the parties jointly informed the Court that they had identified an issue related to the waivers requiring input from individuals not participating in the stipulation (CCWP Class Counsel) that could affect the scope of records requiring review and production. ECF No. 84. On July 16, 2026, Plaintiff, BOP, and Class Counsel resolved that issue.

The June 2026 monthly production was due on June 30, 2026. BOP has not made a production. As of the filing of this stipulation, more than five weeks have elapsed since that Court-ordered deadline. BOP did not seek an extension or modification of the Court's production schedule before the deadline expired, and no June monthly production has been made. The July 2026 monthly production was due on

July 31, 2026. As of the filing of this stipulation, that Court-ordered deadline has also passed without a production. BOP did not seek an extension or modification of the Court's production schedule before the deadline expired.

On June 21, 2026, Plaintiff's counsel notified Assistant United States Attorney Bernardoni that the Court had reset the conference for August 14, 2026, notwithstanding the parties' prior notice that counsel was unavailable on that date. On June 22, 2026, Mr. Bernardoni responded that, he was willing to consider a draft stipulation. On July 27, 2026, Plaintiff's counsel transmitted a draft stipulation requesting that the parties jointly ask the Court to continue the August 14, 2026 Case Management Conference. After receiving no response, Plaintiff's counsel sent follow-up emails on August 1, August 4, August 5, and August 6, 2026, requesting Defendant's position on the proposed Stipulation and Joint Case Management Statement before the Court's filing deadline.

On August 6, 2026, at approximately 1:30 p.m. Pacific Time, one day before the Court's filing deadline, Defendant transmitted a revised draft stipulation but not the court-ordered schedule. As of this filing, BOP has failed to: a) complete its search; b) issue a final determination regarding the scope of responsive records; c) provide an accounting of the number of requests or responsive pages that are complete and undisputed; d) identify the requests or responsive pages that remain outstanding in whole or in part; e) quantify the total volume of responsive pages remaining to be produced; and f) draft the schedule ordered by the court. BOP has not identified the number of responsive pages that are independent of the waiver process, the number already collected and awaiting processing or review, the number already processed, the number remaining for review, or what portion of the responsive records, if any, could have been produced while the waiver process remained ongoing. The Court's Order measures BOP's monthly production obligation in responsive pages, not responsive requests or items.

Plaintiff circulated the following proposed schedule and page estimate to Defendant on April 24, 2026, before the Court-ordered April meet and confer. Defendant has not provided an alternative proposed schedule. These estimates assume continued review at the Court-ordered rate of 1,000 pages reviewed (not produced) per month beginning with the production totals as of April. Plaintiff respectfully requests that the Court adopt Plaintiff's proposed case schedule unless and until Defendant

provides an alternative proposed schedule supported by updated information that only it posesses.

| Event | Proposed Date |
|---|---|
| Completion of BOP production | August 2029 |
| Settlement conference preparation | August 2029 |
| Settlement conference | September 2029 |
| Cross-motions for summary judgment | October 2029 |
| Completion of summary judgment briefing | January 2030 |
| Summary judgment hearing | February 2030 |
| Post-judgment compliance period | March-September 2030 |
| Attorneys' fees proceedings | September 2030-February 2031 |
| Final resolution | By March 9, 2031,Case resolved at ~5 year mark per Judge Tse's April statement |

| Date | Estimated Total Pages Reviewed |
|---|---|
| October 2026 | 7,000 |
| January 2027 | 10,000 |
| July 2027 | 16,000 |
| January 2028 | 22,000 |
| January 2029 | 34,000 |
| July 2030 | 52,000 |

BOP's Position:

BOP has been processing and releasing responsive records to the best of its ability in this case, and it will continue to do so for the pendency of this lawsuit. To the extent Plaintiff suggests that BOP violated the Court's May 30, 2025 production order, Plaintiff fails to include necessary background information relating to BOP's good faith efforts to ensure a court-ordered protective order issued in *CCWP et al. v. BOP et al.*, No. 23-04155 (N.D. Cal.) ("*CCWP*"), was not violated by the release of specific categories of records requested in this FOIA case.

During a June 5, 2026 meeting in *CCWP* between BOP Agency Counsel, Class Counsel, and the FCI Dublin Consent Decree Monitor, Class Counsel voiced concerns about specific inmate Class Member records being requested in this FOIA case. Out of an abundance of caution, BOP Agency Counsel requested a separate meeting with Class Counsel and Plaintiff to ensure all stakeholders understood the

records being requested and to resolve any concerns relating to the production of records. A meeting occurred on July 16, 2026, in which Class Counsel, Plaintiff, and Agency Counsel discussed records and confirmed a plan forward. No records were released to Plaintiff during this time, as there were several categories of documents BOP Agency Counsel wished to discuss with both *CCWP* Class Counsel and Plaintiff, again, to ensure everyone was on the same page and that there were no concerns in connection with the *CCWP* court-ordered protective order.

The July 16 meeting concluded with success, and BOP Agency Counsel relayed to BOP's FOIA division that releases may begin on certain records while *CCWP* Class Counsel and Plaintiff worked together to ensure Class Members were fully informed about privacy waivers sent to them by Plaintiff. Through inadvertent internal confusion as to whether records could be processed, however, records were not released following the July 16 meeting. This misunderstanding has been resolved, and BOP expects to make two separate releases of approximately 500 pages each on August 7, 2026 and August 11, 2026.

Last, BOP understands Plaintiff seeks page counts and updates on scope of records. However, that information currently cannot be calculated because BOP does not know how many Class Member privacy waivers Plaintiff will obtain, and the volume of those waivers will have a significant impact on the scope of records that need to be processed in this FOIA lawsuit. Moreover, the complexity of the search involving a closed institution and the uniqueness of the records Plaintiff seeks makes calculating a page count total a difficult task. BOP has assigned an Agency Attorney with deep familiarity with the closed institution to facilitate this search because few BOP employees know of or otherwise understand the unique documents requested by Plaintiff. As a result of BOP's diligent efforts to locate responsive records, BOP believes most of the records requested have been collected and await processing. BOP is also in the process of reviewing emails obtained through a new email search with defined custodians and search terms that has been negotiated and agreed upon by the parties.

In sum, the unique circumstances beyond BOP's control in this case resulted in a temporary delay of the release of some records, but it was a good faith temporary delay to ensure compliance with the *CCWP* court-ordered protective order. Given the resolution reached with Plaintiff and *CCWP* Class Counsel in July, BOP has resumed processing and release of records and intends to continue working with

Plaintiff in good faith in this FOIA case.

Finally, Plaintiff contends that BOP has failed to provide a case schedule, but the case schedule for the current record processing phase of this FOIA dispute is self-executing—as ordered by this Court (ECF No. 42), each month BOP will process at least 1,000 pages of potentially responsive records. That processing rate will continue for five years or until the universe of potentially responsive records has been processed. Moreover, as discussed above, the parties have engaged in good faith discussions about the scope of potentially responsive records (and BOP intends to continue those good faith negotiations during the pendency of this lawsuit), and as a result the number of outstanding records to be processed may be further narrowed during the pendency of this lawsuit. Given that the parties do not know when processing will be complete—and that watershed moment could still be years in the future—BOP respectfully submits that it is premature to set settlement conference, summary judgment, and fees resolution deadlines at this stage of the case. Indeed, to the extent such deadlines are set for dates in 2029, and processing is completed before then, such a premature schedule would result in the unnecessarily delayed resolution of this lawsuit.

IT IS SO STIPULATED.

DATED: August 7, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Jevechius D. Bernardoni**
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

*Attorneys for Defendant*

*/s/ Caitlin Henry*
CAITLIN HENRY

*Attorney for Plaintiff*

** In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

**[PROPOSED] ORDER**

Pursuant to stipulation, IT IS SO ORDERED. The further case management conference is continued until _____, at 2:00 p.m. by videoconference. The parties shall file a Joint Case Management Statement or, if necessary, Separate Case Management Statements seven (7) days before the continued Case Management Conference.

DATED:

THE HONORABLE ALEX G. TSE